FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
                              )
UNITED STATES DEPARTMENT OF   )
AGRICULTURE RURAL HOUSING SERVICE )
f/k/a FARMERS HOME,           )
                              )
          Plaintiff,          )    Civil No. 2006-206
                              )
     v.                       )
                              )
LEROY W. MONSANTO, JR., and   )
FELICITA RIVERA,              )
                              )
          Defendants.         )
_____)
```

APPEARANCES:

**Flavia E. Logie, Esq.**
St. Croix, U.S.V.I.
     *For the plaintiff,*

**Leroy W. Monsanto**
173-189 Estate Tutu, St. Thomas, U.S.V.I. 00802
     *Pro se defendant,*

**Joseph J. Mingolla, II, Esq.**
St. Thomas, U.S.V.I.
     *For defendant Felicita Rivera.*

<u>ORDER</u>

GÓMEZ, C.J.

     The United States Department of Agriculture Rural Housing

Service f/k/a Farmers Home ("USDA"), commenced this debt and

foreclosure action on November 17, 2006, against defendants Leroy

*USDA v. Monsanto, et al.*
Civil No. 2006-206
Order
Page 2

W. Monsanto, Jr. ("Monsanto") and Felicita Rivera ("Rivera").

On June 12, 2007, the USDA filed a request for entry of default on its complaint against Monsanto, pursuant to Federal Rule of Civil Procedure 55(a) ("Rule 55(a)").[1]

On December 4, 2008, the Court entered an Order stating that "[t]here is no proof in the record in this matter that the USDA's complaint and summons were ever served on Monsanto." (Order 2, Dec. 4, 2008.)  The Order directed the USDA to "show cause in writing why this matter should not be dismissed without prejudice with respect to Monsanto for lack of timely service" by December 15, 2008. (*Id.*)  On December 15, 2008, the USDA filed a response to the Court's December 4, 2008, Order, accompanied by proof that the summons and complaint were timely served on Monsanto on January 8, 2007.[2]

---

[1]  That rule provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

[2]  Although the record did not previously contain proof of service on Monsanto, such omission is not detrimental to the USDA's action against Monsanto. *See* Fed. R. Civ. P. 4(l)(3) (providing that the "[f]ailure to prove service does not affect the validity of service"); *see also United States v. Ayer,* 857 F.2d 881, 885 n.4 (1st Cir. 1988) ("The mere failure of plaintiff to file the appropriate indicia of service within the [120-day]

*USDA v. Monsanto, et al.*
Civil No. 2006-206
Order
Page 3

On February 25, 2009, the Court entered default against

Monsanto.

Now, the USDA moves for default judgment against Monsanto

pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Rule

55(b)(2)").[3]

Federal Rule of Civil Procedure 55(b)(2) allows courts to

enter a default judgment against a properly served defendant who

fails to file a timely responsive pleading. *Anchorage Assoc. v.*

*Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

The rule further provides "no judgment by default shall be

entered against an infant or incompetent person unless

represented in the action by a general guardian, committee,

conservator, or other such representative who has appeared

therein." Fed. R. Civ. P. 55(b)(2); *Murphy v. C.W.*, 158 Fed.

Appx. 393, 396 (3d Cir. Jan. 5, 2006) (unpublished).

Additionally, the plaintiff must file an affidavit "stating

whether or not the defendant is in military service and showing

---

period [set forth in Federal Rule of Civil Procedure 4(m)],
although perhaps evidencing shoddy practice, did not render the
service untimely.").

[3]  The USDA first filed its motion for default judgment
against Monsanto on September 19, 2007.  It subsequently filed a
second motion for default judgment against Monsanto on December
5, 2008.  The two motions are identical, except that the latter
contains updated figures representing the amount of Monsanto's
alleged indebtedness to the USDA.  As such, the Court will
construe the filings as a single motion.

*USDA v. Monsanto, et al.*
Civil No. 2006-206
Order
Page 4

necessary facts to support the affidavit . . . ." 50 App. U.S.C.
§ 521(b)(1) (the "Servicemembers Civil Relief Act").  "The entry
of a default judgment is largely a matter of judicial discretion,
although the United States Court of Appeals for the Third Circuit
has emphasized that such "discretion is not without limits,
however, and we have repeatedly stated our preference that cases
be disposed of on the merits whenever practicable." *Hritz v. Woma
Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

Here, the USDA has failed to meet its burden of showing that
default judgment is appropriate.  In the instant motion, the USDA
does not indicate whether Monsanto is an infant, incompetent, or
serving in the military.  The USDA has not submitted, nor does
the record contain, any affidavits or evidence of any kind to
show that Monsanto is not an infant, incompetent, or serving in
the military.  The USDA has failed to comply with the
requirements of Rule 55(b)(2) and the Servicemembers Civil Relief
Act. *See*, *e.g.*, *Bank of Nova Scotia v. Brown,* 2008 U.S. Dist.
LEXIS 32777 at *3-4 (D.V.I. 2008) (holding that the plaintiff was
not entitled to default judgement against the defendant because
the plaintiff had not complied with the requirements of Rule
55(b)(2) or the Servicemembers Civil Relief Act); *Ross v. Baker*,
2006 U.S. Dist. LEXIS 77216 at *4 (W.D. Mich. Oct. 23, 2006)
(denying a default judgment motion where the "[p]laintiffs have

*USDA v. Monsanto, et al.*
Civil No. 2006-206
Order
Page 5

not tendered an affidavit stating . . . that the defendant is not

an infant or incompetent person") (unpublished); *United States v.*

*Simmons*, 508 F. Supp. 552, 552-53 (E.D. Tenn. 1980) (denying the

plaintiff's motion for a default judgment because the plaintiff

failed to provide a sufficient affidavit showing that the debtor

was not in military service).

    Accordingly, it is hereby

    **ORDERED** that the USDA's motion for default judgment is

**DENIED** without prejudice.


                                        S\_____

                                            **CURTIS V. GÓMEZ**
                                            **Chief Judge**